IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CSWS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 0747 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| VILLAGE OF BEDFORD PARK, an Illinois | ) | |
| municipal corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff CSWS LLC wishes to open and operate an "adult entertainment business" within the village limits of defendant Village of Bedford Park (the "Village"). After the Village denied plaintiff's application for licenses and zoning relief in 2004, plaintiff filed suit in this court (No. 05 C 2913), which was settled in October 2006 pursuant to an agreement that entitled plaintiff to open and operate its adult entertainment business under certain conditions. Relying on this agreement, plaintiff dismissed that case and allegedly spent in excess of $500,000 in connection with its plan to open the business.

In December 2007, plaintiff renewed its application for licenses, only to be advised by the Village that the Village was unable to comply because the State of Illinois had enacted a statute, effective in August 2007, that prohibited adult businesses from operating within one mile of certain uses (such as residences, schools and churches). 65 ILCS 5/11-5-1.5 (the "Statute"). Because of the number and location of such uses within the Village, the Statute effectively prohibits plaintiff from operating the business within the Village limits.

In February 2008, plaintiff filed the instant suit against the Village, seeking a declaration that the Statute violates the United States and the Illinois Constitutions, an injunction under 42

U.S.C. § 1983 and attorney's fees under 42 U.S.C. § 1988. Plaintiff has not named any state official or agency as a defendant in this case, but has complied with Fed. R. Civ. P. 5.1 by serving notice on Illinois Attorney General Lisa Madigan that the complaint challenges the constitutionality of a state statute. In addition, the court has also certified to the attorney general that the Statute has been challenged. To date the State has not sought to intervene, leaving the Village to defendant the constitutionality of the Statute.

The Village has filed what it terms a "Motion to Strike" the federal claims filed by plaintiff. In fact, the motion should be termed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). The Village claims that it cannot be liable under § 1983 (and therefore not liable for attorney's fees under § 1988) under <u>Monell v. New York Dept. of Social Services</u>, 436 U.S. 658 (1978), and its progeny because the Village did not cause the alleged constitutional violation at issue.

## **DISCUSSION**

The "first inquiry in any case alleging municipal liability under § 1983 is the question whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." <u>City of Canton v. Harris</u>, 489 U.S. 378, 385 (1989). This is because municipalities, such as the Village, cannot be held liable based on respondeat superior. <u>Board of County Commissions of Bryan County, Oklahoma v. Brown</u>, 475 U.S. 469, 479-80 (1986). Municipalities are liable under § 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury. <u>Monell v. New York Department of Social Services</u>, 436 U.S. 659, 694 (1978). A municipal policy can be shown in three ways: (1) an express policy

that when enforced caused a constitutional deprivation; (2) a wide-spread practice that, although not authorized by written law or express municipal policy, was so permanent and well settled as to constitute a custom or usage with the force of law; or (3) the act of person with final policymaking.  McTigue v. City of Chicago, 60 F.3d 381, 382 (7th Cir. 1995).

In the instant case, the Village's decision to deny plaintiff's request for a license was purportedly based on the Statute prohibiting a new adult entertainment facility from opening within one mile of certain uses.  The Village argues that it cannot be held to have "caused" plaintiff's injury because all it did was enforce a state statutory mandate.  The Village characterizes the complaint as alleging a municipal policy of enforcing state statutory mandates, which the Seventh Circuit has rejected as a basis for municipal liability under § 1983.  Surplus Store and Exchange Inc. v. City of Delphi, 928 F.3d 788, 790 (7th Cir. 1991).

In Surplus Store, the plaintiff sued the municipality for enforcing an allegedly unconstitutional Indiana statute, claiming that such enforcement was a "municipal policy" that caused the wrongful deprivation of the plaintiff's interest.  Rejecting this argument, the court held that a neutral policy of enforcing state law cannot form the basis of a § 1983 Monell claim against a municipality.  "It is difficult to imagine a municipal policy more innocuous and constitutionally permissible, and whose causal connection to the alleged violation is more attenuated, than the policy of enforcing state law.  If the language and standards from Monell are not to become a dead letter, such a policy simply cannot be sufficient to ground liability against a municipality."  Id.  Based on Surplus Store, the Village argues that the proper defendant in the instant case would be the State of Illinois.

The later argument is wrong. As the Seventh Circuit has made clear, "[a] person aggrieved by the application of a legal rule does not sue the rule maker – Congress, the President, the United States, a state, a state's legislature, the judge who announced the principle of common law. He sues the persons whose act hurt him." Quinoes v. City of Evanston, 58 F.3d 275, 277 (7th Cir. 1995) (emphasis in original).

In the instant case, the "persons whose act [allegedly] hurt" plaintiff is the Village (or perhaps the individual decision makers) that acted to deny plaintiff's license application. Thus, plaintiff has named the proper party, assuming he can allege municipal liability under Monell. The problem with the complaint is not that it alleges that the Village has a policy of enforcing state mandates. It does not. The problem is that the complaint alleges no municipal policy at all. There is no allegation that the decision was made pursuant to an express municipal policy, a wide-spread practice, or by a person with final policy making authority. It simply alleges that plaintiff was informed by the Village's attorney that the Village would not issue a license due to the Statute. The complaint does allege that the Village chose to enforce the Statute simply to repudiate the settlement agreement, but does not directly allege an unconstitutional selective enforcement.

It may be that plaintiff, consistent with its obligations under Fed. R. Civ. P. 11, can file a Monell claim against the Village by alleging that the decision to enforce the Statute was made pursuant to an unconstitutional policy, or it may be that plaintiff must sue the individual actors as in Surplus Store. In either event, reliance by the Village on the Statute is not a guaranteed victory for the Village. "A discriminatory [or unconstitutional] state law is not a defense to liability under federal law. It is a source of liability under federal law." Quinoes, 53 F.3d at 277

(emphasis in original). At this stage, however, the complaint names only the Village as a defendant and fails to allege that the actions taken were pursuant to a municipal policy.

## **CONCLUSION**

For the foregoing reasons, the Village's motion to dismiss the complaint is granted. Plaintiff is granted leave to file an amended complaint consistent with this opinion on or before September 19, 2008. This matter is set for a report on status September 25, 2008, at 9:00 a.m.

**ENTER:** **August 29, 2008**

_____
**Robert W. Gettleman**
**United States District Judge**